UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph L. Erwin, # 051231,<br>*aka* Ralph Leroy Erwin,<br><br>                              Petitioner,<br><br>vs.<br><br>State of South Carolina,<br><br>                              Respondent.<br>_____ | )<br>)<br>) C/A No. 6:11-2146-RBH-KFM<br>)<br>) **REPORT AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

The petitioner, Ralph L. Erwin ("Petitioner"), a state parolee, files this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner has filed two previous § 2254 petitions in this Court, which raise the same issues for review. Plaintiff's § 2254 petition in this case is successive.

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam*)*; and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner raises two grounds in his petition, which are as follows: (1) "ex post

facto violation - the statute of limitations has run out on sentence;" and (2) "cruel and unusual punishment - violation of 14th and 8th Amendments." ECF No. 1 at 5, 6. A prior § 2254 petition, filed by Petitioner on May 9, 2011, raises these same issues. The prior petition was dismissed because it is a successive petition. *See Erwin v. State*, C/A No. 6:11-1070-RBH (D.S.C. June 2, 2011). As discussed in this recent case, which was dismissed only two months prior to Petitioner filing the current case, Petitioner's grounds for relief have already been considered in Petitioner's § 2254 petition dismissed in 2008. *Id.*; *see also Erwin v. State*, C/A No. 6:07-959-RBH (D.S.C. February 28, 2008). Any subsequent § 2254 petition raising the grounds that have already been considered is a successive petition and must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). The petition for habeas relief in this case should be dismissed because it is successive, for the same reasons as discussed in Petitioner's prior case, *Erwin v. State*, C/A No. 6:11-1070-RBH (D.S.C. June 2, 2011).

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

s/ Kevin F. McDonald
United States Magistrate Judge

September 16, 2011
Greenville, South Carolina